D. E. Cintrón, Ltd., Petitioner and Appellant, and The People, Appellee.

Appeal from the District Court of Mayagüez in Possessory Title Proceedings.

No. 1359.—Decided November 30, 1915.

Possessory Title Proceeding—Dominion Title—Record of Title—Construction of Law.—An allegation in a possessory title proceeding that in order to record a dominion title it is necessary to exhibit documents executed prior thereto which the petitioner does not possess and the acquisition of which would cause considerable expense and greatly delay the recording of the deed, does not bring the petitioner within any of the exceptions of article 437 of the Regulations for the execution of the Mortgage Law, which should be strictly construed.

Id.—Procedure.—Article 393 of the Mortgage Law regulates the procedure to be followed by the registrar when he finds in the registry any uncanceled record

of ownership or possession which is in contradiction with the fact of the possession as established by the judicial proceeding, and it is not applicable to the procedure in possessory title proceedings, this being governed by article 390 of the Mortgage Law and article 437 of its Regulations.

The facts are stated in the opinion.

*Mr. José Benet* for the petitioner.

The appellee did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The mercantile firm of D. E. Cintrón, Limited, brought proceedings in the District Court of Mayagüez to prove its possession of two rural properties, one of 5 and the other of 9.87 *cuerdas* of land, which, it is alleged, the judicial administrator of the estate of Julio N. Laabes conveyed to it by a public deed executed before Notary José Benet on February 22, 1915, in payment of certain debts, subject to a mortgage credit held by Josefa Mestre y Castelar as assignee.

Among other documents accompanying the initial petition was the said deed of February 22, 1915, from which it appears that Laabes acquired the property of five *cuerdas* from Miguel Félix Medina and that Josefa Nicolasa Rivera, the wife of Laabes, inherited the other property of nine *cuerdas* from her father, Eusebio Rivera, after which it passed to Laabes in the settlement of the estate of Josefa Nicolasa Rivera upon her death.

The Registrar of Property of Mayagüez certifies that the property of five *cuerdas* is recorded in the registry in the name of Julio N. Laabes and that the property of nine *cuerdas* is recorded in the name of Josefa Nicolasa Rivera, the former property being encumbered by a mortgage to the mercantile firm of D. E. Cintrón and both properties by mortgages in favor of Josefa Mestre y Castelar.

The petitioner alleges that although both properties are recorded in the Registry of Property of Mayagüez, in order to record the deed of conveyance in payment of debts, that is, the deed of February 22, 1915, it is necessary to exhibit va-

rious documents executed prior thereto, which the petitioner does not possess and the acquisition of which would cause considerable expense and greatly delay the recording of the deed. The District Court of Mayagüez refused to approve the proceeding for the reasons stated in the following order:

"After considering the petition filed in this case, the court refuses to approve the possessory proceeding as prayed for therein, because the titles to the two properties referred to, exhibited by the petitioning firm, are dominion titles recordable in the registry of property since the said properties are recorded in the names of Julio N. Laabes and of his wife, Josefa Nicolasa Rivera y Ruiz, the persons from whom the said properties directly emanate, therefore the said proceedings do not lie and it is ordered that the same be dismissed."

From the said order the petitioner appealed to this court.

We are of the opinion that the order appealed from conforms to the provisions of the Mortgage Law and its Regulations.

Article 390 of the said law grants to owners who hold no written title of ownership, no matter at what time they acquired the property, the right to record their titles upon proving their possession to the satisfaction of the judge of first instance of the district in which the properties may be situated, and the article following, in fixing the rules to be observed in possessory title proceedings, provides in subdivision 5 that the petition for the institution of the proceedings shall state the fact that a written title does not exist, or if it does, that it cannot be easily found.

Article 437 of the Regulations for the execution of the Mortgage Law reads as follows:

"It shall be understood that a written title for the purpose of recording the possession is lacking, in accordance with articles 390 et seq. of the law, not only when the person does not actually possess such title, but also when an owner who does possess one, cannot demand its immediate admission to record because he is obliged to bring it from a point at a distance from the place where it is to be re-

corded, or for any other reason whatsoever which compels him to defer its presentation. This fact may be made a matter of record in the proceedings and in the record itself.''

In the present case the petitioner is not without a written title of ownership, nor can it be admitted that it is not easy to be found or that there is a reason which compels him to defer its presentation, for the initial petition is accompanied by a copy of the deed of February 22, 1915, which could easily have been presented in the registry for record.

Nor does the petitioning firm's allegation that in order to record the said deed it is necessary to exhibit various documents executed prior thereto which it does not possess and the acquisition of which would cause considerable expense and greatly delay the recording of the deed, operate in the petitioner's favor. Such an allegation does not bring the appellant within any of the exceptions of article 437 of the said Regulations.

''That article should be construed strictly, not only because it contravenes to a certain extent such a general and conclusive provision as article 390 of the Mortgage Law, but because possession as a juridical condition is a real anomaly which must be limited and restricted, and this rule should be applied with increased reason if the degeneration of the registry of property into a registry of possession is to be avoided.'' Decisions of the General Directorate of Registries of Spain of May 31, 1893, and January 7, 1896.

The appellant firm maintains that the lower court should not have dismissed the possessory title proceedings summarily without giving it an opportunity to prove that it was within the provisions of the Mortgage Law, and cites article 393 in support of the contention. We are of the opinion that the said article regulates the procedure to be followed by the registrar when he finds in the registry any uncanceled record of acquisition of ownership or possession which is in contradiction with the fact of the possession as established by the judicial proceedings and is not applicable to the present case,

which must be governed by the articles of the Mortgage Law and its Regulations to which we have referred.

For the foregoing reasons the order appealed from should be.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.